# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **In re** <br><br> **TOP LINE GRANITE DESIGN, INC.,** <br><br> **Debtor.** | **Chapter 7** <br><br> **Case No. 22-40216-EDK** |
| **STEVEN WEISS, as CHAPTER 7 TRUSTEE,** <br><br> **Plaintiff,** <br><br> **v.** <br><br> **MERCURY FUNDING, LLC** <br><br> **Defendants.** | **Adv. Pro No. 24-4003-EDK** |

## MOTION TO DISMISS

Mercury Funding, LLC ("Mercury Funding"), by and through its undersigned counsel, for its Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6), made applicable to these proceedings by Fed. R. Bankr. P. 7012, states as follows:

## INTRODUCTION

The claims asserted by the Trustee are not plausible on their face and, as such, must be dismissed. Both claims asserted in the Complaint are based on the Trustee's bald, unsupported legal conclusion that the agreement between the Debtor and Mercury Funding is something other than what it says it is. The Trustee provides no factual or other support as to why the terms the

agreement should be disregarded and fails to seek recharacterization of the agreement through declaratory or other relief.

When examining the terms of the agreement it is clear that the claims are simply not plausible as alleged. Count I of the Complaint is not plausible because the transfers that the Trustee seeks to recover were not transfers of an interest of the Debtor in property because the Debtor had no legal or equitable interest in the property at the time the transfers occurred. Count II of the Complaint is not plausible because usury law is inapplicable to the transaction contemplated in the Purchase Agreement (as defined below) and, in any event, the Trustee relies upon the wrong law altogether.

**BACKGROUND**

On December 9, 2021, Mercury Funding entered into an Agreement with the Debtor under which the Debtor sold $142,405 (the "Receivables Purchased Amount") of Receivables to Mercury Funding. A copy of the Purchase Agreement is attached as Exhibit A to the Complaint.  Receivables are defined in the Purchase Agreement as "all of [Debtor's] future accounts, contract rights, and other obligations arising from or relating to the payment of monies from [Debtor's] customers and/or other third party payors" including "all payments made by cash, check, credit or debit card, electronic transfer, or other form of monetary payment in the ordinary course of the [Debtor's] business for the payment of [Debtor's] sale of goods or services…"   *See* Agreement, Pg. 1. purchased by Mercury Funding under the Agreement were to be obtained by Mercury Funding by the Debtor depositing all Receivables collected into a bank account designated in the Agreement, defined in the Agreement as the "Account," and then Mercury Funding would debit from the Account $1,780 ("Estimated Payment") on a daily basis, which was meant to equal the Specified Percentage, defined in the Purchase Agreement as 10%, of each Receivable collected based upon

historical revenue information that was provided by the Debtor to Mercury Funding at the time the Agreement was entered into. *See* Agreement, Pg. 1. The Estimated Payment was subject to a reconciliation procedure to ensure that the amount debited would equal the Specified Percentage. *See* Agreement, ¶9. Mercury Funding was to have unfettered access to the Account to, among other things, debit the Receivables, monitor the account activity and to conduct reconciliations. *See* Agreement, Pg. 1.

Based on the express, unambiguous terms of the Purchase Agreement, the transaction was a sale of Receivables by the Debtor to Mercury Funding. Paragraph 10 of the Agreement expressly provides:

> **10.** **<u>Sale of Receivables</u>.** [Debtor] and [Mercury Funding] agree that the Purchase Price under this Agreement is in exchange for the Purchased Amount and that such Purchae Price Is not intended to be, not shall it be construed as a loan from [Mercury Funding] to [Debtor] or that the Specified Percentage is in any way an interest rate. [Mercury Funding] is entering into this Agreement knowing the risks that [Debtor] business may decline or fail, resulting in [Mercury Funding] not receiving the Receivables Purchased Amount. [Debtor] agrees that the Purchase Price in exchange for the Receivables pursuant to this Agreement equals the fail market value of such Receivables. [Mercury Funding] has purchased and shall own all the Receivables up to the full Receivables Purchased Amount as the Receivables are created. Payments made to [Mercury Funding] on respect to the full amount of the Receivables shall be conditioned upon Merchant's sale of products and services and the payment therefor by [Debtor's] customers in the manner provided in this Agreement.

On March 25, 2022, the Debtor filed its voluntary petition under Chapter 11 of the United States Bankruptcy Code. The case was converted on June 29, 2023. On December 19, 2023, the Trustee initiated the instant adversary proceeding.

As previously stated, the claims in the Complaint are based solely upon the bald legal conclusion that the Agreement is a loan. The Trustee provides no factual support for his legal conclusion that the Purchase Agreement is a loan and should not be given the any weight in determining the claims set forth in the Complaint.

In Count I of the Complaint, the Trustee seeks to avoid and recover the debits of the Receivables that were purchased by Mercury Funding in accordance with the terms of the Agreement. In Count II of the Complaint, the Trustee asserts that Mercury Funding violated M.G.L c. 93A by charging the Debtor a usurious interest rate as set forth in M.G.L. c. 271. § 49. Both Counts I and II are undermined by the clear language set forth in the Purchase Agreement that the transaction between the parties was not a loan.

As neither Count is plausible on its face as will be demonstrated herein, they must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6), made appliable to these proceedings by Fed. R. Bankr. P. 7012.

## ARGUMENT

### I. Legal Standard for Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6)

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a plausible claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678–79, 129 S. Ct. 1937, 1949–50, 173 L. Ed. 2d 868 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The tenant that a court must accept as true all allegations in the complaint is inapplicable to legal conclusions. *Id*. Only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id*.

### II. Count I of the Complaint Must be Dismissed Because the Claim is Not Plausible on its Face because the Debits From the Account Were not Transfers of an Interest of the Debtor in Property

Count I of the Complaint is a preference claim pursuant to 11 U.S.C. §547(b). It is clear from the face of the Complaint that the Trustee cannot even establish the first element of the claim

under Section 547(b) of the United States Bankruptcy Code. The first element of a claim under Section 547(b) of the Bankruptcy Code is that there was a "transfer of an interest of the debtor in property." Here, the Trustee seeks to recover the debits of the Receivables from the Account that were made per the term of the Agreement as if each was a "transfer of an interest of the debtor in property." This is not plausible based on the plain terms of the Purchase Agreement.

Per the express, clear and unambiguous terms of the Agreement, "[Mercury Funding] has purchased and shall own all the Receivables up to the full Receivables Purchased Amount as the Receivables are created." The Debtor retained no legal or equitable interest in the Receivables that it sold to Mercury Funding.[1] Thus, at the time the Debtor entered into the Agreement, it no longer had a legal or equitable interest in the Receivables it sold to Mercury Funding.

It is clear from the terms of the Purchase Agreement that all Mercury Funding was debiting from the Account were the Receivables it purchased that, per the terms of the Agreement, the Debtor no longer had a legal or equitable interest in. As the Debtor had no legal or equitable interest in the property at the time the debits occurred, the debits cannot constitute a transfer of an interest of the debtor in property. As such, the Trustee has not and cannot established even the first element of the claim.

### III. Count II of the Complaint Must be Dismissed Because it is Not Plausible as Usury Law is Inapplicable and, in any Event, the Trustee Relies Upon the Wrong Law

The transaction between the Debtor and Mercury Funding by its clear, express and unambiguous terms is not a loan. *See* Agreement, ¶10. As the transaction is not a loan, usury law is inapplicable. *See, e.g. Begelfer v. Najarian*, 381 Mass. 177, 186-87, 409 N.E.2d 167, 173 (1980) citing General Laws c. 271, s 49(c). The Trustee claims in Count II of the Complaint that Mercury

---

[1] UCC §9-318(a) provides that "A debtor that has sold an account, chattel paper, payment intangible, or promissory note does not retain a legal or equitable interest in the collateral sold."

Funding violated G.L. c. 93A by extending a usurious loan to the Debtor. As usury law is inapplicable to the transaction, the Trustee's entire basis for the claim is not plausible on its face and must be dismissed.

## CONCLUSION

The Trustee has failed to state a claim for which relief can be granted and has provided no basis for which to conclude that the transaction described in the Complaint can or should be construed as anything other than what the plain language of the Purchase Agreement states. As such, Mercury Funding requests that this Court enter an order dismissing the adversary proceeding with prejudice.

Respectfully Submitted,

MERCURY FUNDING, LLC,
By its attorneys,

Dated: March 1, 2024

/s/ *Jesse I. Redlener*
Jesse I. Redlener (BBO # 646851)
ASCENDANT LAW GROUP LLC
2 Dundee Park Drive, Suite 102
Andover, MA 01810
(978) 409-2038
jr@ascendantlawgroup.com

## CERTIFICATE OF SERVICE

I, Jesse I. Redlener, hereby certify that on March 4, 2024, I caused a copy of the *Motion to Dismiss* to be served electronically upon all ECF users entitled to notice thereunder.

 */s/ Jesse I. Redlener*
Jesse I. Redlener